# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| GARY MARTIN, Individually and on Behalf of Others Similarly Situated,<br><br>v.<br><br>MATADOR PRODUCTION COMPANY | Case No: 2:20-cv-00054-GJF-KRS<br><br>Jury Trial Demanded<br><br>Collective Action (29 U.S.C. § 216(b))<br><br>Class Action (Fed. R. Civ. P. 23). |

## **AGREED PROTECTIVE ORDER**

This Protective Order is issued to facilitate document disclosure and production under the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds:

1. Confidential Information means:

   a. Documents or information in the personnel/employment files of present or former employees;

   b. Information that constitutes a trade secret, confidential research and development, or other commercial information that is not otherwise publically known, including pricing information;

   c. Information regarding consultants, including identity and pay information.

2. The parties to this litigation assert that public disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information or could violate the privacy rights of other non-parties; and

3. To protect the respective interests of the parties and certain non-parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED**:

1. Documents, discovery responses and deposition testimony containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and that are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below. Information may be designated as Confidential by a designation on the first page (in the case of a multipage document), on each page of the designated document, on the file name in the case of a document produced natively, on the record in a deposition, by separate writing, or in any other manner sufficient to notify the receiving party that the produced documents are designated as Confidential. Documents produced by non-parties may be designated as Confidential by any party within twenty days of the non-producing party's receipt of the document. Documents produced by any party prior to the signing of this Order by all parties' counsel or the Court may be designated as Confidential within twenty days of the parties' counsel or the Court signing this Order. No party shall be deemed to have violated this Order by disclosing a document prior to receiving notice of its Confidential designation under the terms of this Order.

2. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing

to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

3. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

4. Protected Documents or the Confidential Information contained in Protected Documents, and any summaries of such, shall be disclosed only to the following persons ("Qualified Persons"):

   a. The parties and counsel of record in this action for the party or parties receiving Protected Documents or any information contained therein;

   b. Any juror who sits in the trial of this action;

   c. Consultants or experts, if any, retained by the Parties, to be used for purposes of this Lawsuit only;

   d. Witnesses in depositions and any hearings before the Court, including hearings on motions brought by the Parties, to be used for purposes of this Lawsuit only;

   e. Any outside vendor who performs copying, document preparation, or the creation of graphics, to be used for purposes of this Lawsuit only;

   f. Employees and representatives of such counsel (including experts, investigators and litigation support vendors) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

   g. The Court and any mediators and court reporters transcribing any testimony in the case.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

5. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

6. To the extent Protected Documents or Confidential Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein. All Confidential Information shall be redacted prior to introducing the Protected Documents into the public record.

7. Nothing herein prevents a party from using Protected Documents in a deposition, a Court hearing, or at trial of this matter so long as all Confidential Information is redacted prior to introducing same into the public record. Furthermore, nothing in this Protective Order shall prevent a party from seeking to exclude from evidence at trial documents or evidence that is inadmissible pursuant to the Federal Rules of Evidence.

8. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record. Deposition testimony may be designated as Confidential during the deposition or within twenty days of the date the original deposition transcript is delivered to the designating attorney by the court reporter. During; the pendency of this twenty day period, the entire transcript of the deposition shall be treated by all parties as Confidential.

9. Inadvertent or unintentional production of documents or information containing Confidential Information which is not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

10. The parties may file under seal documents designated by the parties as Confidential. Each of the parties agrees to the filing of a motion to seal pertaining to Confidential Information, unless the objecting party has objected to the Confidentiality designation as provided in this Order.

11. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

12. Upon termination of this action by dismissal, judgment, settlement, or otherwise, including all appeals, counsel for the party or parties, at its election, shall either request that all Protected Documents be destroyed or returned. In compliance with such request, the other Party will, depending on the request, either destroy the Protected Documents and provide a letter certifying their destruction or return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents and destroy all copies, extracts, and summaries of the Protected Documents; provided, however, that the party or parties receiving the Protected Documents can keep their attorney work product that refers or relates to any Protected Documents.

13. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

14. Once signed by the counsel for the parties below, this Agreed Protective Order is an enforceable agreement and stipulation between the parties, and the parties may rely upon it produce documents as Confidential without necessity of waiting on the Court's entry of this Order.

It is **SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE